## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-1053** |
| **N. BURL CAIN** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Bobby Lewis ("Lewis"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  Lewis filed the captioned petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction for second degree murder in Orleans Parish for which he is serving a life sentence.  Lewis did not submit a filing fee or an application to proceed *in forma pauperis* with his petition.

## II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

Federal Rules of Civil Procedure or any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the petitioner, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

In this case, the petitioner is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotes omitted); *Birl*, 660 F.2d at 593.

## III.   Analysis

As indicated above, Lewis's petition was submitted without a filing fee or a request from him to be given leave to proceed *in forma pauperis*. He also did not initially submit his petition on the

2

required form for filing pursuant to § 2254.  By notice dated April 6, 2015, the Clerk of Court notified Lewis that he was required to submit the proper habeas petition form and either pay the $5.00 filing fee or complete a certified pauper application.[3]  The Clerk of Court mailed this notice to the petitioner at the Louisiana State Penitentiary, the address he provided on the petition.  The envelope containing the notice has not been returned as undeliverable.

On April 15, 2015, the Clerk of Court received from Lewis the completed form petition. Lewis, however, still has not submitted the $5.00 filing fee or a completed a pauper application.  He therefore has failed to complete the correction of the deficiencies in his submission after receiving due notice from the Clerk of Court.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

In addition, this petition is Lewis's third federal habeas petition under § 2254 challenging the same 1999 conviction.[4]  The instant petition appears to be a prohibited second or successive petition under 28 U.S.C. § 2244.  Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains authorization from the United States Fifth Circuit Court of Appeals, this Court is without jurisdiction to proceed. Thus, even if Lewis were to pay the $5.00 filing fee or be granted leave to proceed as a pauper, the petition would have to be dismissed for his failure to obtain the required certification.  28 U.S.C. § 2244(a), (b).

---

[3]Rec. Doc. No. 2.

[4]*See Bobby Lewis v. Burl Cain, Warden*, Civ. Action 04-687"H"(6) and *Bobby Lewis v. Burl Cain*, Civ. Action 12-721"A"(6).

**IV.**     **Recommendation**

It is therefore **RECOMMENDED** that Lewis's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 29th day of May, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

4